UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| REGINA ISON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No. 13-10-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| THE C. REISS COAL CO., | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

A defendant who removes a state-court case to federal court must prove that the case satisfies the requirements for diversity jurisdiction. The defendant here has removed a state-court complaint for property damage without submitting proof of the amount in controversy. Instead, the defendant asks the Court to make a host of assumptions about the value of the claims involved. Assumptions are not proof. Quite the opposite. They are propositions one accepts as true in the absence of proof. The Court must therefore remand the case back to state court.

**BACKGROUND**

The defendant, The C. Reiss Coal Co., removed this state-law action by invoking federal-diversity jurisdiction under 28 U.S.C. § 1332. R. 1 at 1 ¶ 2. Regina and John Ison originally filed suit in Floyd County Circuit Court on January 2, 2013. R. 1-1. The Isons' complaint alleges that C. Reiss's mining operations on adjoining property removed the subjacent support under their land. *Id.* at 4 ¶ 6–7. The Isons argue that removing that support caused: (1) damage to their home; (2) diminution of their land and home's value; as

well as (3) loss of use and enjoyment of their land and home.  *Id.* at 4 ¶ 8.  C. Reiss quickly served a set of state-court interrogatories on the Isons asking them to clarify the amount of damages they were seeking.  *See* R. 5-1; R. 5-4.  The Isons' attorney declined to stipulate to any amount of damages at that time.  R. 5-2; R. 6-1.  He explained that the Isons have not yet received an expert opinion on the damage to the home and also claimed that plaintiffs are not obligated to agree to such a stipulation.  *Id.* at 1.

C. Reiss then removed the case to federal court.  R. 1.  Its notice of removal, however, did not present any evidence of the amount in controversy.  The Court therefore ordered C. Reiss to show cause as to why the action should not be remanded for lack of subject-matter jurisdiction.  R. 4.  The only proof C. Reiss offers in response are its reading of the complaint and the responses from the Isons' attorney declining to stipulate to the amount in controversy.  *See* R. 5; R. 6.

## DISCUSSION

### I.  The Amount-in-Controversy Requirement

C. Reiss must affirmatively come forward with evidence showing it is more likely than not that the plaintiffs' claims exceed $75,000.  Since C. Reiss removed this case from state court, it bears the burden of proving that the requirements for diversity jurisdiction— including the amount in controversy—are satisfied.  *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.,* 621 F.3d 554, 559 (6th Cir. 2010) (citing *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1194−95 (2010)).  That burden is not an insubstantial one.  Where, as here, the complaint seeks an unspecified amount of damages "that is not self-evidently greater or less than the federal amount-in-controversy requirement," the defendant must carry its

burden by a preponderance of the evidence. *Gafford v. Gen. Elec. Co.,* 997 F.2d 150, 158 (6th Cir. 1993), *abrogated on other grounds by Friend,* 130 S. Ct 1181; *see* R. 1–1 at 4–5 (seeking unspecified damages). The preponderance-of-the-evidence test requires C. Reiss to support its claim to jurisdiction by producing "competent proof" of the necessary "jurisdictional facts." *Gafford,* 997 F.2d at 160 (quoting *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936)). Thus, if C. Reiss does not produce evidence showing it is more likely than not that the plaintiffs' claims exceed $75,000, the case must be remanded to state court. *See id.* at 158–60.

C. Reiss first attempts to meet its burden by claiming that the amount in controversy can be surmised from a fair reading of the plaintiffs' complaint. *See* R. 5 at 1–3. In some cases "a fair reading" of the complaint can establish the amount in controversy—even when that complaint seeks unspecified damages. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001). To do so, however, the removing defendant must point to "clear allegations" in the complaint that establish "a sum well in excess of the $75,000 minimum." *Id.* (quoting *Cook v. Winfrey*, 141 F.3d 322, 326 (7th Cir. 1998)). In other words, the amount in controversy must be self-evident from the nature of the plaintiff's claims. For example, in *Hayes* the jurisdictional amount was satisfied where the complaint sought damages for the royalties and gross values of an oil-and-gas lease on four wells—two of which had been producing for more than 50 years. *Id.* at 573. The obvious value of the oil and minerals extracted and the length of the contract easily supported the conclusion that the lease was worth more than $75,000. *See Ramsey v. Kearns*, No. 7:12-cv-06-ART, 2012 WL 602812, at *2 (E.D. Ky. Feb. 23, 2012) ("No great leap of imagination was needed to

3

conclude that the *Hayes* plaintiffs sought more than $75,000.").   But where a complaint provides no basis to ascertain the nature or extent of the plaintiff's damages, the allegations are not sufficiently "clear."   *Hayes*, 266 F.3d at 573 (quoting *Cook*, 141 F.3d at 326).

That is the case with the complaint here.   C. Reiss claims that several facts in the Isons' complaint support the conclusion that more than $75,000 is at issue.   R. 5 at 2–3.   C. Reiss points out that:  (1) the plaintiffs claim that C. Reiss removed their property's subjacent support; (2) the property at issue was the plaintiffs' personal residence; and (3) the plaintiffs seek damages for (i) damage to their residence, (ii) loss of use of their property, and (iii) diminution in the market value of their home.   *Id.*   But these facts reveal almost nothing about the value of the plaintiffs' claims.   There is no indication in the complaint as to what kind of home the Isons own, what kind of damage it sustained, what limits that damage has put on the Isons' use of their home, or how far their property's value has fallen.   Do the Isons live in a 9,000-square-foot mansion or an 800-square-foot cottage?   Has the foundation of their home been compromised, or do they simply have minor damage to their drywall?   Are they unable to live in their home now or simply unable to hang pictures on some of their walls?  Is their home now worth half of what it once was or only a little less?   Unlike *Hayes*, nothing in the complaint provides a basis for answering these questions.   The Court would have to guess the answers to those questions in order to estimate the amount in controversy, and "speculation is not competent proof."   *Ramsey*, 2012 WL 602812 at *2 (citing *McNutt*, 298 U.S. at 189).

But C. Reiss has a fallback strategy.   It offers a "complaint plus" theory, arguing that a fair reading of the complaint, plus the Isons' refusal to stipulate as to the amount in

4

controversy, establishes that the amount in controversy exceeds $75,000.  *See* R. 5 at 3–4
(citing *Stratton v. Konecranes, Inc.*, 2010 WL 2178544, at *3 (E.D. Ky. May 28, 2010)).
Even if the Court were to adopt this theory, C. Reiss has not demonstrated that it applies
here.  First, C. Reiss has not met the fair-reading-of-the-complaint requirement.  In the case
C. Reiss relies on, *Stratton*, the district court emphasized that the defendant provided specific
calculations of the damages.  *Stratton*, 2010 WL 2178544 at *3.  And those calculations were
based on facts established in either the complaint or the evidence defendant provided.  *Id.* at
*1–2.  Here, C. Reiss provides neither a calculation of the plaintiffs' potential damages nor
the facts on which such a calculation must be based.

Second, the Isons' refusal to stipulate to the amount in controversy at this time does
not support the inference that C. Reiss claims it does.  There are instances where a plaintiff's
refusal to stipulate that she is claiming more than $75,000 provides "some evidence that her
damages are more than that amount."  *Miller v. Malik*, No. 7:11-cv-74-ART, 2011 WL
2968428, at *2 (E.D. Ky. July 20, 2011) (collecting cases).  Usually, that is when the most
logical inference from the plaintiff's refusal is that she wants to avoid removal to federal
court.  *See id.* (finding that, more than a year after filing suit, the most likely reason a
plaintiff would not stipulate to the amount of damages would be to prevent removal to
federal court).  But the Isons had a perfectly logical explanation—both on January 22 and
February 26—for declining to answer C. Reiss's interrogatories about the amount of
damages the plaintiffs are seeking.  *See* R. 5-2; R. 6–1.  They have not had time to arrange an
expert assessment of the damage to their home.  *See* R. 5-2; *see also* R. 6-1 (giving the same
reasoning as R. 5-2 and pointing out that discovery has not begun yet).  Given that the

complaint was filed just two months ago, that explanation is certainly reasonable.  *See* R. 1-1 (filing complaint on Jan. 2, 2013); *see also Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) ("All doubts as to the propriety of removal are resolved in favor of remand." (citing *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994))).  The Isons' refusal to stipulate to the amount in controversy is not, *at this time*, proof that it is more likely than not that the jurisdictional minimum is satisfied here.

Thus, C. Reiss has not offered evidence establishing that it is more likely than not that the plaintiffs' claims exceed $75,000.

## II.   C. Reiss's Request to Hold the Case in Abeyance

C. Reiss's original response asked the Court to hold this matter in abeyance until C. Reiss could receive and assess the plaintiffs' response to C. Reiss's latest discovery requests. *See* R. 5 at 4–5.  C. Reiss has now filed the plaintiffs' responses with the Court.  *See* R. 6-1. Since C. Reiss has now received the materials that it used to justify its request for an abeyance, the request is moot.

However, C. Reiss need not fear that it has squandered its only chance for removal.  It appears that C. Reiss believes it was in a use-it-or-lose-it situation when this case was filed. Either file for removal as soon as possible or risk losing the chance at a federal forum forever.  *See* R. 5 at 4–5 (relying, in part, on *McGraw v. Lyons*, 863 F. Supp. 430 (W.D. Ky. 1994)).   However, the removal statute has been recently amended.   *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 103, 125 Stat. 758, 759–62; *see also Ramsey*, 2012 WL 602812 at *2 (explaining that the amendments "make it clear that defendants should pursue state-court discovery before removal").  Defendants now

6

have a thirty-day window to remove a case to federal court whenever they receive new state-court discovery from the plaintiff that establishes the amount in controversy. *See* 28 U.S.C. § 1446(c)(3)(A); *see also Minix v. Kawasaki Motors Corp.*, No. 7:09-cv-90-ART, 2009 WL 2212282 (E.D. Ky. July 23, 2009) ("It is well established that if a case is remanded to state court for lack of subject matter jurisdiction, it can be removed a second time if new developments—such as discovery responses—reveal that the amount-in-controversy requirement for diversity jurisdiction is in fact satisfied."). So if C. Reiss is correct and plaintiff is simply being evasive to avoid federal court, C. Reiss will have a second bite at the apple when plaintiffs solidify their damages. *Giffin v. Runyons*, No. 7:11-cv-146-ART, 2011 WL 5025074, at *4 (E.D. Ky. Oct. 21, 2011).

## CONCLUSION

Accordingly, it is **ORDERED** that this case is **REMANDED** to the Floyd County Circuit Court. The Clerk shall **STRIKE** this case from the Court's active docket. All other pending motions are **DENIED** as **MOOT**.

This the 1st day of March, 2013.

Signed By:

*Amul R. Thapar*

**United States District Judge**